UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re FISHING COMPANY OF ALASKA ) No. C08-945RSL
and FCA HOLDINGS, INC., )
as owners and/or operators of the ) ORDER DIRECTING NOTICE AND
Vessel ALASKA RANGER, ) PUBLICATION TO INTERESTED
official number 550138, hull identification ) PARTIES, AND ORDER
number 182, for exoneration from and/or ) ENJOINING PROSECUTION OF
limitation of liability ) CLAIMS

This matter comes before the Court on "Limitation Plaintiffs' Ex Parte Motion for Entry of Procedural Orders" (Dkt. #7). On June 30, 2008, plaintiff The Fishing Company of Alaska and plaintiff FCA Holdings, Inc. ("Plaintiffs"), by and through their attorneys Holmes Weddle & Barcott, filed an "Amended Complaint for Exoneration from and/or Limitation of Liability" (Dkt. #6) under Supplemental Admiralty Rule F seeking a declaration regarding their liabilities, if any, arising from the incident occurring on March 23, 2008 involving the F/V ALASKA RANGER (hereinafter "the Vessel"), official number 550138, hull identification number 182, in which several claimants allege to have been injured or killed while the Vessel was being operated in the waters of the Bering Sea, and for certain other relief. Having reviewed Plaintiffs' motion and Complaint, and the remainder of the record, the Court HEREBY ORDERS as follows:

1. Plaintiffs assert that the Vessel sank and was completely lost, no wreckage, strippings, or proceeds were recovered, and no freight was aboard. See Dkt. #6 at 2. Therefore, under Supplemental Admiralty Rule F(1), Plaintiffs at this time do not need to deposit a security for value with the Court. However, given that the Court is reviewing Plaintiffs' motion *ex parte* without the benefit of argument from any potential claimants, the Court's ruling is WITHOUT PREJUDICE to the due appraisal of Plaintiffs' interest in the Vessel and pending freight, and any claimant's demand that the deposit or security be increased in accordance with Supplemental Admiralty Rule F(7).[1]

2. Plaintiffs have complied with Supplemental Admiralty Rule F(1) and Local Supplemental Admiralty Rule 120(b) by depositing security for costs in the amount of five hundred dollars ($500), plus interest at the rate of six percent (6%) from the date of security. See Dkt. #2 (Notice of Posting of Security for Costs).

3. Under Supplemental Admiralty Rule F(3), the prosecution of any and all suits, actions or proceedings of any nature or description whatsoever against Plaintiffs, their agents, servants or employees or against the Vessel, except in the present proceeding, in respect of any claim arising out of, occasioned by, consequent upon or otherwise connected with the aforesaid incident, or arising during the voyage upon which the Vessel was then engaged, are HEREBY STAYED AND RESTRAINED until such time as the Court determines whether to

---

[1] Supplemental Admiralty Rule F(7) provides: "Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction. In like manner any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced.").

dissolve the injunction. Plaintiffs are ORDERED to serve a copy of this Order on the persons and other legal entities to be restrained, or their attorneys.

4. In accordance with Supplemental Admiralty Rule 4 and Local Supplemental Admiralty Rule 150, Plaintiffs shall publish a copy of the following notice in the Seattle Daily Journal of Commerce for four consecutive weeks starting the week of September 8, 2008, in substantially the form set forth below:

> **Notice to Interested Parties:** The Fishing Company of Alaska and FCA Holdings, Inc., owners and/or operators of the ALASKA RANGER, official number 550138, hull identification number 182, (hereinafter "the Vessel"), an approximately 189.4 foot vessel of 1,577 gross tons, filed a Complaint pursuant to the Limitation of Liability Act, 46 U.S.C. § 30510 et seq., claiming the right to exoneration from and/or limitation of liability for all claims against them for injury, death, or other damage resulting from an incident occurring on March 23, 2008, in which several claimants allege to have been injured or killed while the Vessel was being operated upon the navigable waters of the Bering Sea.
>
> Any person or legal entity who has or may have such a claim must, on or before Monday, October 13, 2008, file it with the Clerk of Court, U.S. Federal District Court, Western District of Washington at Seattle, under the title "In re Fishing Company of Alaska and FCA Holdings, Inc.," and Cause No. C08-945RSL. Any such claim must comply with the requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. A copy must also be served on or mailed to the plaintiffs' attorneys, Michael A. Barcott, HOLMES WEDDLE & BARCOTT, 999 Third Ave., Suite 2600, Seattle, WA 98104.
>
> Any claimant who desires to contest The Fishing Company of Alaska's and FCA Holdings, Inc.'s right to exoneration from and/or limitation of liability shall file and serve an answer to the Complaint in the above-referenced matter on or before October 27, 2008, unless such answer is included in the claim. This notice is published pursuant to the order of said Court, Honorable Robert S. Lasnik, dated August 29, 2008, and Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims.

5. Plaintiffs shall, not later than the day of the second publication required in paragraph (4) above, mail copies of the Complaint and this Order to: (1) the last known address of those persons who are reported to have been injured as set forth in the Complaint, and to any attorneys known to represent them; and (2) to such other persons and other legal entities as are known to have any claim against the Plaintiffs or the Vessel and to any attorney known to represent them.

DATED this 29th day of August, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge